IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEDERAL JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 3:12-cv-4638-L (BF) |
| | § | |
| ANGELO L. BROADNAX, JAMES | § | |
| MADISON, and DALLAS COUNTY | § | |
| SHERIFF DEPARTMENT, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil rights action to the United States Magistrate Judge for pretrial management. Putative Defendant Dallas County Sheriff's Department ("DCSD") has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) & (6). Doc. 9. The findings, conclusions, and recommendation of the Magistrate Judge are as follow:

**Background**

This action is the latest in a series of cases arising out of foreclosure proceedings initiated against the real property located at 808 Caraway Lane in DeSoto, Texas (the "Property"). According to pleadings filed in this case, a Dallas County court issued a judgment of possession on January 12, 2012 in favor of non-party Deutsche Bank National Trust Company ("Deutsche Bank") and against Darian Broussard and all other occupants of the Property, including Plaintiff Tederal Jefferson. The state court subsequently issued numerous writs of possession authorizing the Sheriff or any constable of Dallas County to take possession of the Property and to evict all occupants thereof on not less than 24 hours notice. In an effort to avoid eviction, Plaintiff sent written notice to DCSD that title to the

Property was in dispute and requested that DCSD "cease and desist" any assistance to Deutsche Bank in obtaining possession of the Property. Notwithstanding Plaintiff's notice, Deputy Sheriffs Angelo L. Broadnax ("Broadnax") and James Madison ("Madison") attempted to execute a writ of possession on the occupants of the Property on October 3, 2012.

Plaintiff, proceeding *pro se*, filed the instant lawsuit on November 15, 2012 alleging that Defendants DCSD, Broadnax, and Madison violated his constitutional rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983. Plaintiff seeks monetary damages and an injunction to prevent further efforts to evict him from the Property. Defendant DCSD moves to dismiss Plaintiff's claims against it on grounds that it is not a jural entity and that Plaintiff has failed to allege sufficient facts to establish a deprivation of a federal right, deliberate indifference, or the existence of an official policy or custom was the moving force behind his alleged injuries. In response, Plaintiff filed an amended complaint and a response to DCSD's motion.[1] This matter is now ripe for determination.

## **Legal Standard**

In determining whether dismissal should be granted under Rule 12(b)(6),[2] a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] The Court treats Plaintiff's First Amended Complaint (Doc. 11) filed on December 26, 2012 as the operative pleading in this case. Although filed without leave of court, DCSD tacitly consented to the amendment by specifically addressing and reurging its motion to dismiss in response to the amended complaint. *See* Def. Reply (Doc. 13) at 1-3.

[2] DCSD bring its motion to dismiss under Fed. R. Civ. P. 12(b)(2) and (6). The Court determines that Rule 12(b)(6) is the proper vehicle to address whether Plaintiff's claims fail to state a claim against DCSD under § 1983 because it is a nonjural entity. *Von Minden v. Jankowski*, No. A-06-CA-823 LY, 2007 WL 1958615, at *2 (W.D. Tex. Jul. 3, 2007), *aff'd*, 268 Fed. Appx. 352 (Table), 2008 WL 638085 (5th Cir. Mar. 7, 2008) (citing cases).

570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation and footnote omitted). However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp*., 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

## **Analysis**

DCSD seeks dismissal on the grounds that the sheriff's department is not a jural entity. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991). Unless the true political entity has taken explicit steps to grant the servient agency jural authority, the agency cannot engage in any litigation except in concert with the government itself. *Darby*, 939 F.2d at 313. Plaintiff has failed to show that Dallas County has granted the DCSD the capacity to sue or be sued. His suit seeks relief from an entity which does not exist for such purposes. *Id.* at 314. Thus, Plaintiff has failed to state a claim upon which relief can be granted, and his claims against the DCSD should be dismissed with prejudice.[3]

---

[3] Ordinarily, a *pro se* plaintiff who names a non-jural entity as defendant should be alerted and given an opportunity to amend before dismissal of his complaint. *See Parker v. Fort Worth Police Dept*., 980 F.2d 1023, 1026 (5th Cir. 1993). Because the Court's recommendation does not dispose of Plaintiff's case in its entirety, the Court does

3

Plaintiff is further reminded that he has 120 days from the date the suit was filed – that is, until March 15, 2013 – to effect proper service on Defendants Broadnax and Madison. Any unserved defendant will be subject to dismissal if Plaintiff fails to timely effects proper service. *See* FED. R. CIV. P. 4(m).

## Recommendation

The Court recommends that putative Defendant DCSD's Motion to Dismiss (Doc. 9) be GRANTED. The District Court should dismiss with prejudice Plaintiff's claims against DCSD.

SO RECOMMENDED, January 4, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

not grant Plaintiff the right to amend to sue the correct jural entity. The Court assumes that if Plaintiff desires to add a party, he will move for leave to amend. *Hubert v. Hoel*, No. 3:04-CV-2573-D, 2005 WL 3148548, at *2 n.2 (N.D. Tex. Oct. 19, 2005), *rec. adopted*, 2005 WL 3150234 (N.D. Tex. Nov. 16, 2005).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).