IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEDERAL JEFFERSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | No. 3:12-CV-4638-L (BF) |
| ANGELO L. BROADNAX and JAMES MADISON, | § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this *pro se* civil action to the United States Magistrate Judge for pretrial management. For the following reasons, the District Court should dismiss this case pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order to file a notice of dismissal. In the alternative, the District Court should grant the individual defendants' Rule 12(b)(6) motion to dismiss.

### Background

This lawsuit is one of several cases filed by Plaintiff Tederal Jefferson arising out of foreclosure proceedings initiated against his home in DeSoto, Texas (the "Property") by non-party Deutsche Bank National Trust Company. Succinctly stated, Plaintiff alleges that his mortgage lender wrongfully foreclosed on his house, and Defendants Dallas County Deputy Sheriffs Angelo L. Broadnax and James Madison violated his constitutional rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution when they attempted to evict him from the Property pursuant to a writ of possession issued by a Dallas County court. Plaintiff's complaint seeks monetary damages and an injunction to prevent further efforts to evict him from the Property.

In February 2014, Plaintiff Tederal Jefferson advised the Court that he and his mortgage lender had agreed to a loan modification and that he intended to dismiss all of the pending litigation pertaining to the Property. On April 28, 2014, Plaintiff signed a Joint Stipulation of Dismissal that was filed in another case involving the Property, *Broussard v. Deutche Bank National Trust Co.*, No. 3:13-CV-4164-L, but failed to file a similar stipulation or notice of dismissal in this case. Accordingly, the Court ordered Plaintiff to file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on or before May 16, 2014. *See* Order, 4/30/14 (Doc. 31). The Court warned Plaintiff that his case would be subject to dismissal without further notice, on terms set by the Court, if he did not file a notice of dismissal within the time specified. To date, Plaintiff has not filed a notice of dismissal. Indeed, Plaintiff has taken no action with respect to this case since he informed the Court of his intention to dismiss the litigation.

**Legal Standards and Analysis**

Fed. R. Civ. P. 41(b) allows a court to dismiss an action by motion or *sua sponte* for a party's failure to prosecute or comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The dismissal may be with or without prejudice. However, "[a] dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880. "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal,

dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

Plaintiff advised the Court more than four months ago that this case had settled, but he has yet to take the necessary steps to dismiss the pending litigation. Plaintiff also failed to comply with a direct order instructing him to file a notice of dismissal. *See* Order, 4/30/14. Plaintiff was warned that his case would be dismissed on terms set by the Court if he failed to file a notice of dismissal. *Id.* Plaintiff did not respond to the Court's order in any way. Dismissal is clearly warranted under these circumstances. *See, e.g., Ray v. Child*, No. 3:08-CV-1708-K, 2009 WL 80359, at *1 (N.D. Tex. Jan. 9, 2009) (dismissing *pro se* civil action without prejudice where plaintiff failed to comply with court order requiring him to file complaint in proper form). Because there is no indication that Plaintiff's failure to comply with the court order was the result of purposeful delay or contumacious conduct, the dismissal should be without prejudice.

In the alternative, the District Court should grant the pending motion to dismiss under Rule 12(b)(6).[1] A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos*

---

[1] Defendants Broadnax and Madison, joined by Dallas County which asssertsthat it is a proper party to this lawsuit because Plaintiff has sued the deputy sheriffs in their official as well as individual capacities, *see* Def. Mot. (Doc. 20) at 1, n.1 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)), have filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). More specifically, Defendants move to dismiss Plaintiff's claims under Rule 12(b)(1) and the *Rooker-Feldman* doctrine "[t]o the extent that [Plaintiff] is challenging the underlying foreclosure and forcible detainer actions." *Id.* at 4. Because Plaintiff's complaint does not name Deutsche Bank as a defendant or seek to set aside the foreclosure, the Court does not construe Plaintiff's allegations in this action as a challenge to the state court proceedings. The Court thus declines to address Defendants' arguments under Rule 12(b)(1). *See Anderson v. Park Place Motorcars, Ltd.*, 159 F. Supp. 2d 391, 397 n.11 (N.D. Tex. 2001).

3

*v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff's complaint alleges that the individual defendants violated his constitutional rights when they attempted to evict him from the Property pursuant to a writ of possession issued by a Dallas County court. Defendants contend that Plaintiff's claims should be dismissed under Rule 12(b)(6) because they are entitled to immunity for their actions. Under Texas law, an officer who executes a writ of possession pursuant to a valid order signed by a justice of the peace is entitled to official immunity from damages resulting from the good faith execution of that writ. TEX. CIV. PRAC. & REM. CODE ANN. § 7.003(a) (West 2002) ("[A]n officer is not liable for damages resulting from the execution of a writ issued by a court of this state if the officer in good faith executes or attempts to execute the writ as provided by law and by the Texas Rules of Civil Procedure."); *see also Pease v. Principal Residential Mortg., Inc.*, No. 03-02-00491-CV, 2004 WL 1065639, at *4 (Tex. App. -- Austin May 13, 2004, no writ) (constable who executed writ of possession pursuant

to a valid order signed by a justice of the peace was entitled to official immunity from damages resulting from the execution of that writ). An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, would have acted in the same manner. *Id.,* § 7.003(c); *Pease*, 2004 WL 1065639, at *4 (citing *Richardson v. Parker*, 903 S.W.2d 801, 804 (Tex. App. – Dallas 1995, no writ)). An officer who executes a facially valid writ acts in good faith even when he is aware that there is a legal dispute over the matter. *Pease*, 2004 WL 1065639, at *4.

Here, Plaintiff's allegations challenge Broadnax and Madison's execution of a writ of possession performed as part of their official duties. Although Plaintiff alleges that he notified the Sheriff's Department that title to the Property was in dispute, Broadnax and Madison were not required to determine who owned the Property prior to executing the writ. *See id.* ("The constable is not a tribunal to determine doubtful questions of fact."); *see also Richardson*, 903 S.W.2d at 805 (constables entitled to immunity in connection with levy on writ of execution even though levy might involve litigation; it was not constables' duty, nor within their authority, to determine which of the competing liens had priority). Plaintiff has thus failed to allege facts that would allow the Court to reasonably infer that Defendants are liable for the conduct alleged. Accordingly, the Court should grant Defendants' Rule 12(b)(6) motion to dismiss.

Because dismissal of Plaintiff's claims is warranted on the merits, his request for injunctive relief also should be dismissed. *Williams v. Chase Home Finance, LLC*, No. 3:13-CV-1307-G BH, 2014 WL 46233, at *10 (N.D. Tex. Jan. 6, 2014).

## RECOMMENDATION

For the reasons stated, the Court recommends that the District Court DISMISS without prejudice all of Plaintiff's remaining claims and causes of action under Fed. R. Civ. P. 41(b) for failure to comply with the Court's order to file a notice of dismissal.

Alternatively, the District Court should GRANT Defendants' Motion to Dismiss (Doc. 20) under Fed. R. Civ. P. 12(b)(6) and DISMISS without prejudice all of Plaintiff's remaining claims and causes of action.

SO RECOMMENDED, July 2, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).